UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD RUDY, | ) | CASE NO. 1:06 CV 2308 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ADULT PAROLE AUTHORITY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 22, 2006, plaintiff pro se Richard Rudy filed this civil rights action against the Ohio Adult Parole Authority, Parole Board Member Terry J. Collins, Parole Board Member Douglas Linker, Parole Board Member Eileen Colan, and Parole Board Member Amber E. Walters. In the complaint, plaintiff alleges his parole was revoked after his sentence expired. He seeks immediate release from prison or restitution of his parole status, and monetary damages.

*Background*

Mr. Rudy pled guilty to one count of robbery in the Summit County Court of Common Pleas on August 30, 1991, and was sentenced to 3 to 15 years incarceration. His sentence was suspended and he was placed on 3 years probation. Mr. Rudy violated the terms of that probation, and on February 16, 1993 was ordered to be sent to the Lorain Correctional Institution

to serve his prison sentence. At some point thereafter, Mr. Rudy was released on parole.

On October 4, 2005, an indictment was filed against Mr. Rudy charging him with theft from the elderly, a fifth degree felony. He pled guilty to the charge on December 19, 2005 and was sentenced to 6 months incarceration. That sentence was also suspended and he was placed on 2 years of community control. On April 10, 2006, Mr. Rudy was charged with failure to comply with his community control requirements. He pled guilty to this new charge and on June 2, 2006, he was ordered to prison to serve his 6 month sentence for theft from the elderly.

Mr. Rudy was also charged with escape, a first degree misdemeanor. He entered a guilty plea to that charge on June 2, 2006 and was sentenced to serve 6 months incarceration. That sentence was ordered to run concurrently with his sentence for theft from the elderly. The court granted Mr. Rudy 223 days credit for time served in the Summit County jail and a community based correctional facility. He contends that after the 223 days (approximately 7 months) were credited against his 6 month concurrent sentences, he should have been released on parole because he had already served the entire sentence imposed for his new crimes. Instead, Mr. Rudy was transported to the Lorain Correctional Institution on June 15, 2006. He was told that he was being held on a parole violation for the underlying robbery conviction.

In the interim period between his initial indictment on the theft charge in October 2005 and his conviction in June 2006, Mr. Rudy was issued several citations for technical parole violations. In October 2005, his parole officer Amber Walters, indicated that Mr. Rudy violated the terms of his conditional release by submitting to a urine drug screen that yielded a positive result for cocaine. As a sanction for this violation, she ordered him to enter and complete an out-patient treatment program at Morley Health. Mr. Rudy indicates he received another sanction from

Ms. Walters in April 2006 while incarcerated on the escape charge. This time he was sanctioned for failing to make his whereabouts known, failing to comply with the court order to complete a community based correctional facility program, possession of alcohol and possession of a crack pipe. He contends he was ordered to comply with all court orders, report to his parole officer and enter a substance abuse program.

On June 29, 2006, following his conviction on the theft and escape charges, Mr. Rudy was notified of parole revocation proceedings and was served with a Kellogg Mitigation Hearing Notice. He waived his right to a Kellogg hearing and his parole was revoked on July 12, 2006, based on his new convictions. He was sentenced to 9 months incarceration on the parole violation and was given credit for the three months he served since his arrest in April 2006. His projected release on parole is scheduled for January 2, 2007. Mr. Rudy's underlying sentence on the robbery conviction expires on April 11, 2008.

Mr. Rudy's claims for release are twofold. First, he contends that when he was arrested in October 2005 and April 2006, his parole officer issued technical parole violation sanctions but did not revoke his parole. He claims, therefore that there should have been no parole detainer issued against him when he was convicted on theft and escape. Because he was given credit for time served which exceeded the 6 month sentence he received on the theft and escape charges, he should never have gone to prison. In addition, he claims that because he was given sanctions for technical parole violations at the time of his arrest, the Parole Authority could not later revoke his parole when he was convicted of new offenses. He seeks immediate release and damages related to his incarceration.

***Analysis***

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Rudy cannot challenge his continued confinement in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. Id. To the extent that Mr. Rudy is seeking release from prison, his sole remedy is a petition for a writ of habeas corpus.

Moreover, Mr. Rudy cannot assert a claim for damages based upon his claim of unlawful confinement. Prisoners may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction, sentence, or confinement unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at

*1 (6th Cir. May 5, 1998). He cannot collaterally attack his conviction or sentence by simply requesting damages. Mr. Rudy does not allege his continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision. His claims must therefore be dismissed.

Finally, the court notes that even if this court could consider Mr. Rudy's claims under 42 U.S.C. § 1983, the complaint, as it is written, fails to state a claim upon which relief may be granted and would be dismissed. Mr. Rudy admits that at the time of arrests, he had failed a urinalysis drug screening, had been found to be in possession of alcohol and a crack pipe, and had failed to report to his whereabouts to his parole officer. These are all violations of the technical terms and conditions of his release on parole. He received sanctions for these technical violations, within the parameters set forth in OHIO ADMIN. CODE §5120:1-1-17.[1] At the same time, Mr. Rudy was also indicted on new criminal charges of theft and escape. The theft charge was classified as a felony. He was convicted of those charges and was sentenced to 6 months incarceration as punishment for those crimes. Because committing a new crime is also a violation of the terms and conditions of parole, an additional penalty was imposed upon him as a parole violator.[2]

---

[1] This section of the administrative code provides a list of possible sanctions that can be imposed for violations of the technical terms and conditions of parole release. These penalties range from the issuance of a warning, to revocation of parole.

[2] "The adult parole authority ***shall*** revoke the release of any releasee who is recommitted to the department of rehabilitation and correction to serve a prison term for a felony sentence imposed upon him by any court in Ohio for an offense he committed while on any release granted by the adult parole authority or while serving a period of intermediate transitional detention pursuant to rule 5120-11-12 of the Administrative Code or serving a period of parole supervision pursuant to rule 5120-11-19 of the Administrative Code." OHIO ADMIN. CODE § 5120:1-1-21(A)(emphasis added).

Commission of a felony while on parole, however, is not a technical parole violation as Mr. Rudy suggests. It requires automatic revocation of parole as a sanction. See OHIO ADMIN. CODE § 5120:1-1-21(A). In accordance with these rules, Mr. Rudy's parole was revoked shortly after his conviction on the felony charge and he was sentenced as a parole violator to a term of 9 months incarceration. Nine months from the date of his confinement in the county jail in April 2006 would expire in January 2007. This is approximately the projected release date suggested by the Parole Board. Although Mr. Rudy clearly believes he should have been released again on parole after he completed his new sentences for theft and escape, he provides no federal constitutional basis for this assertion and none is readily apparent on the face of the pleading.

To the contrary, the court notes that Mr. Rudy is still serving the sentence imposed upon him for his underlying robbery conviction. His maximum sentence for that conviction does not expire until April 11, 2008. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The Ohio parole statutes do not create a protected liberty interest for due process purposes and therefore the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. Jago v. Van Curen, 454 U.S. 14, 20 (1981). Mr. Rudy has no constitutional right to be released on parole at any time prior to the expiration of his maximum sentence. Id.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.³

    IT IS SO ORDERED.

                s/Christopher A. Boyko
                CHRISTOPHER A. BOYKO
                UNITED STATES DISTRICT JUDGE

DATE: December 20, 2006

---

 ³ 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.